IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Robert W. NORLIN, Attorney at Law.

Supreme Court

*No. 84–782–D. Filed October 8, 1985.*
(Also reported in 374 N.W.2d 382.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

The parties stipulated and the referee recommended that the license of Attorney Robert W. Norlin to practice law in Wisconsin be revoked as discipline for several instances of unprofessional conduct, including conduct involving fraud, dishonesty, deceit or misrepresentation, failure to account for client funds, withdrawal of client funds from his trust account without authorization, neglect of legal matters, and failure to appear before the court as ordered. We agree that the revocation of Attorney Norlin's license is appropriate discipline under the circumstances present.

Attorney Norlin was admitted to practice law in Wisconsin in 1964 and practices in Washburn. In 1981 the court suspended his license for 60 days for his failure to

promptly pursue client matters, his failure to communicate with his clients and respond to inquiries from the Board of Attorneys Professional Responsibility (Board) concerning client grievances, and his neglect of legal matters. *Disciplinary Proceedings Against Norlin,* 104 Wis. 2d 117, 310 N.W.2d 789 (1981). The referee in this disciplinary proceeding is the Honorable Rodney Lee Young, reserve judge.

Based on the parties' stipulation, the referee concluded that Attorney Norlin engaged in unprofessional conduct as follows. Attorney Norlin represented a corporation and subsequently was retained to organize and was named an officer of a subsidiary corporation. In 1981 he prepared two promissory notes in the name of the parent corporation in the total amount of $35,000 and gave them to a bank. Those notes were purportedly signed by the president of the corporation, but in fact they, as well as first mortgages prepared by Attorney Norlin and given to the bank as security for the notes and a corporate borrowing resolution prepared by Attorney Norlin and given to the bank, were signed by Attorney Norlin, despite the fact he had no authority from the corporation's president to do so, nor had the corporation's board of directors considered or adopted the borrowing resolution or even knew of its existence.

Attorney Norlin negotiated the loan checks from the bank on behalf of the corporation and disbursed the funds to a creditor of both corporations, after first having deposited one of the checks into his client trust account and the other into the subsidiary corporation's account, which Attorney Norlin had established without specific authority of the officers and directors of his client. Attorney Norlin subsequently paid $30,000 of his own funds to settle a lawsuit commenced by the bank's insurer against him, the two corporations and others for losses it sustained in these loan transactions.

The referee concluded that Attorney Norlin thereby engaged in conduct involving fraud, dishonesty, deceit or misrepresentation, in violation of SCR 20.04(4). The referee also concluded that Attorney Norlin's disbursement of corporate funds to a creditor without informing his clients violated SCR 11.05 and 20.50.

Further, Attorney Norlin received approximately $8,000 on behalf of the two corporations he represented, and he failed to make an accounting for the funds, as he had been requested to do. The referee concluded that Attorney Norlin thereby violated SCR 11.05 and 20.50(2).

While acting as the corporations' attorney, Attorney Norlin took the acknowledgement of the signature of a person as president on the articles of incorporation of a third corporation, whose name was similar to that of the subsidiary corporation he represented. He also signed a letter on stationery of the subsidiary corporation that as an officer and director of that corporation he gave unqualified consent to the incorporation of the third corporation and gave that letter consenting to the use of a similar name to the Secretary of State in support of the filing of the new corporation's articles of incorporation. Attorney Norlin did this without the knowledge or consent of the other officers and directors of the subsidiary corporation, and when the president of that corporation asked him who was involved in the new corporation, Attorney Norlin stated that he did not know.

The referee concluded that Attorney Norlin's giving unauthorized consent for the use of a corporate name similar to that of his client and his statement to the corporate president that he did not know whether a certain individual was involved in the creation of the new corporation constituted conduct involving misrepresentation, in violation of SCR 20.04(4).

In another matter, in August, 1984, another attorney was substituted for Attorney Norlin as attorney in an

estate. Prior to the substitution, Attorney Norlin had received and placed in his trust account approximately $5,000, representing the proceeds of the sale of real estate from the estate. Following the substitution, Attorney Norlin sent the new attorney a list of his services and expenses, amounting to $1,690, subtracted that amount from the estate funds in his trust account, and sent a check for the balance. The court, the personal representative and the successor attorney had not authorized the withdrawal or payment of attorney fees in the estate proceedings. Upon notification by the Board of the grievance made in the matter, Attorney Norlin returned the withheld funds to the substituted attorney. The referee concluded that Attorney Norlin's withdrawal of legal fees from his trust account in which estate funds were deposited without the agreement of the client or the substituted attorney was in violation of SCR 20.50(1).

In another estate in which he acted as attorney, Attorney Norlin failed to close the estate as ordered by the court, failed to appear before the court at a scheduled status conference, and substituted his law firm's name for the name of a creditor in that estate, showing a claim for medical services in the amount of approximately $6,000 which he was trying to settle. He received the amount of the claim from the personal representative and deposited it into his client trust account, even though the original claim remained unpaid.

Attorney Norlin failed to appear at a hearing requiring him to show cause why the final judgment in the estate had not been filed and why he should not be held in contempt for his failure to appear before the court on the prior occasion. The court found him in contempt and removed him as attorney for the estate, ordering him to return to the estate any compensation previously received. The circuit court referred this matter to the Board for investigation of Attorney Norlin's trust ac-

count to determine the disposition of the $6,000 paid to him for application on the original claim.

The referee concluded that Attorney Norlin's failure to timely complete the estate constituted neglect of a legal matter, in violation of SCR 20.32(3), his failure to appear before the court on three occasions constituted disregard of rulings of a tribunal, in violation of SCR 20.40(1), and his failure to account to the estate or the court for funds entrusted to him, his failure to pay the claim in the estate as requested by the client and his failure to timely turn over the funds he received to successor counsel, despite several demands to do so, violated SCR 11.05 and 20.50.

In another estate in which he acted as attorney, Attorney Norlin failed to complete the probate of the estate within the time required by the court, failed to appear at a court-scheduled hearing, and failed to appear at a hearing on the court's order to show cause why the estate was not concluded and why he should not be held in contempt for failure to appear before the court as previously ordered. The court found Attorney Norlin in contempt, removed him as attorney for the personal representative and ordered that he not receive any compensation from the estate. The court referred this matter to the Board for investigation. The referee concluded that Attorney Norlin's failure to timely complete the estate constituted neglect of a legal matter, in violation of SCR 20.32(3), and his failure to appear before the court on three occasions was in violation of SCR 20.40(1).

In addition to the revocation of his license to practice law, the referee recommended that Attorney Norlin be required to pay the costs of this disciplinary proceeding. Attorney Norlin filed an objection to a portion of those costs, specifically, those costs incurred in the investigation of these matters by the Board. Relying on SCR 22.20, which authorizes the assessment of "all or part of the costs of the proceeding" against the respondent, At-

torney Norlin argued that the rule does not permit the assessment of costs of the investigation conducted by the Board prior to the commencement of the "proceeding."

Attorney Norlin specifically objected to the $485.80 cost for the preparation of the transcript of the investigative meeting held prior to the commencement of this proceeding because the transcript was not used at the disciplinary hearing in this matter. Attorney Norlin also objected to the $3,029.87 cost for the examination of his trust account. That audit was conducted pursuant to a stipulation of the parties while the disciplinary proceeding was in progress because the Board believed that Attorney Norlin had used client funds for his personal purposes. The accountant was unable to conclude that this was the case, and he was not called as a witness at the disciplinary hearing. Relying on SCR 22.19, which lists the expenses of a disciplinary proceeding to include "the fee or expense for a witness," Attorney Norlin argued that the accountant's fee was not a proper cost of the proceeding.

In response to Attorney Norlin's objections, the Board took the position that the expenses of its investigative meetings, including transcripts thereof, are proper items of costs in disciplinary proceedings for the reason that those meetings form the basis of discipline the Board itself imposes or, as in this case, become the basis of the Board's complaint filed with the court. The Board also argued that the transcript of the investigative meeting in this case was used by both parties in preparation for discovery proceedings in the course of the disciplinary proceeding and was used by the Board in preparation of its initial pleadings. The Board argued that the expense for a transcript of the district professional responsibility committee investigative meeting is an appropriate "cost of the proceeding" when that meeting is relevant to the alleged misconduct and the investigation results in formal charges being filed against the attorney.

Concerning the accountant's fee, the Board relied on SCR 22.01(6m), which defines "cost" to include "compensation and reasonable expenses of experts and investigators employed on a contractual basis," as well as "expert witness fees." The Board also relied on the fact that the circuit court referred the two estate matters to the Board for investigation, requesting as to one of them that the Board investigate Attorney Norlin's trust account to determine the disposition of the $6,000 paid by his client. In addition, the Board contended that the trust account audit was required because Attorney Norlin had failed to make his records available to the Board prior to the initial hearing date, notwithstanding requests to do so. Finally, the Board stated that it had issued a subpoena to the accountant and had intended to introduce his testimony at the disciplinary hearing, but that proved unnecessary after the parties entered into a stipulation which included an agreement to the revocation of Attorney Norlin's license to practice law.

We determine that the full amount of the costs of this proceeding be assessed against Attorney Norlin. The cost of the transcript of the investigative meeting was reasonably incurred in the preparation of the Board's case prior to the filing of a formal complaint with the court. The cost of the audit was reasonably incurred because the Board had reason to believe that Attorney Norlin had misappropriated client funds and converted them to his own use. The audit cost constitutes "compensation and reasonable expenses of experts and investigators employed on a contractual basis." SCR 22.01(6m).

With respect to the referee's recommendation and the parties' stipulation for the revocation of Attorney Norlin's license to practice law in Wisconsin, we agree that this is appropriate discipline in this matter.

IT IS ORDERED that the license of Robert W. Norlin to practice law in Wisconsin is revoked, effective November 1, 1985.

IT IS FURTHER ORDERED that within 120 days of the date of this order Robert W. Norlin pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Robert W. Norlin comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been revoked.